UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60646-CIV-COHN/SELTZER

CAROL D. SMITH, on Behalf of Herself
and All Others Similarly Situated,

        Plaintiff,

vs.

WM. WRIGLEY JR. COMPANY,

        Defendant.
_____/

**JUDGMENT, FINAL ORDER AND DECREE**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Final Approval of Settlement, and for Attorneys' Fees and Expenses [DE 92] ("Motion"). The Court has carefully considered the Motion, the Stipulation of Settlement [DE 84], the Class Member Objections [DE 95, 96], Plaintiff's Reply in Support of Final Approval of Settlement and For Attorney's Fees and Expenses [DE 99], Defendant's Submission in Support of Approval of Class-Action Settlement [DE 98-1], the argument of counsel on November 5, 2010, and the record in this case, and is otherwise advised in the premises. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    This Judgment incorporates by reference the definitions in the Stipulation of Settlement filed on June 1, 2010 ("Stipulation"), attached as Exhibit A, and all terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members.

3. Pursuant to Federal Rules of Civil Procedure, Rule 23(b)(3), the Court hereby certifies the following Class:

> All persons who purchased in the United States the Product at any time up to the date notice was provided to the Class. Excluded from the Class are Defendant's officers, directors and employees, and those who purchased the Product for the purpose of resale.

4. Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(3), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment.

5. Pursuant to Federal Rules of Civil Procedure, Rule 23(a), the Court finds that the Plaintiff in the Litigation, Carol D. Smith, is a member of the Class, her claims are typical of the Class, and she fairly and adequately protected the interests of the Class throughout the proceedings in the Litigation. Accordingly, the Court hereby appoints Carol D. Smith as class representative.

6. The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(3) for certification of the class claims alleged in the Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

7. Having considered the factors set forth in Federal Rules of Civil Procedure, Rule 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement, and thus, hereby appoints Class Counsel as counsel to represent the Settlement Class Members.

8. The Court directed that Class Notice be given to Class members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Class Action Settlement Administrator caused to be posted and mailed or emailed to identified potential Class members who so requested the Notice of Class Action Settlement, which is Exhibit B to this Judgment, and caused to be published the Publication Notice of the proposed settlement, which is Exhibit C to this Judgment (together the "Class Notice"). The Declaration of Timothy G. Blood in Support of Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Award Payment, attesting to the dissemination of the Class Notice, demonstrates compliance with this Court's Preliminary Approval Order. The Class Notice advised Class members of the terms of the settlement; of the Settlement Hearing, and their right to appear at such Settlement Hearing; of their rights to remain in, or opt out of, the Class and to object to the settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

9. The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rules of Civil Procedure, Rule 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

10. Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and interested persons, the settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Stipulation are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, Rodney A. Max of Upchurch Watson White & Max. Approval of the

Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

11. All Class members who have not timely and validly filed opt-outs are thus Settlement Class Members who are bound by this Judgment and by the terms of the Stipulation.

12. None of the settlement, this Judgment, nor the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Wrigley Litigation.

13. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class. Plaintiff initiated the Litigation, acted to protect the Class, and assisted her counsel. The efforts of Class Counsel have produced the Stipulation entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class. Class Counsel is entitled to a reasonable Fee and Expense Award for their work, which the Court finds to be $2.0 million in attorneys' fees, and to recover $56,256.48 in expenses incurred in the Litigation. Further, Plaintiff is entitled to an incentive award of $10,000.

14. The Court hereby dismisses with prejudice the action, and all Released Claims against each and all Released Persons and without costs to any of the Parties as against the others.

15. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

16. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the clerk is hereby directed to enter this Judgment forthwith.

17. The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Class members under the Stipulation.

18. Plaintiff's Motion for Final Approval of Settlement, and for Attorneys' Fees and Expenses is hereby **GRANTED**. The Class Member Objections are hereby **OVERRULED**.

19. All pending motions in the above-captioned case are **DENIED** as moot. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 8th day of November, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF